Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Juan Martinez**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Global Resourcing, LLC**, an Arizona company; **Element Power Group, LLC**, an Arizona company; **Christopher Rouen,** an Arizona resident; and **Elise Rouen,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Juan Martinez ("**Plaintiff**"), for his Verified Complaint against Defendants Global Resourcing, LLC; Element Power Group, LLC; Christopher Rouen; and Elise Rouen (**"Defendants"**), hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); failure to pay Arizona minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure

to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to his federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. Plaintiff was a full-time employee of Defendants from on or around March 17, 2017, until on or around April 5, 2022 ("**all relevant times**").

10. At all relevant times to the matters alleged herein, Plaintiff was an employee

of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff was an employee Defendant Global Resourcing, LLC as defined by A.R.S. § 23-350(2).

13. Defendant Global Resourcing, LLC is a company authorized to do business in Arizona.

14. At all relevant times to the matters alleged herein, Defendant Global Resourcing, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. At all relevant times to the matters alleged herein, Defendant Global Resourcing, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. At all relevant times to the matters alleged herein, Defendant Global Resourcing, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. At all relevant times, Plaintiff was an employee Defendant Element Power Group, LLC as defined by A.R.S. § 23-350(2).

18. Defendant Element Power Group, LLC is a company authorized to do business in Arizona.

19. At all relevant times to the matters alleged herein, Defendant Element Power Group, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

20. At all relevant times to the matters alleged herein, Defendant Element Power Group, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

21. At all relevant times to the matters alleged herein, Defendant Element Power Group, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

22. Defendant Christopher Rouen is an Arizona resident.

23. Defendant Christopher Rouen has directly caused events to take place giving rise to this action.

24. Defendant Christopher Rouen is an owner of Global Resourcing, LLC.

25. Defendant Christopher Rouen is an employer of Global Resourcing, LLC.

26. Defendant Christopher Rouen is a member of Global Resourcing, LLC.

27. Defendant Christopher Rouen is an owner of Element Power Group, LLC.

28. Defendant Christopher Rouen is an employer of Element Power Group, LLC.

29. Defendant Christopher Rouen is a member of Element Power Group, LLC.

30. Defendant Christopher Rouen is a manager of Element Power Group, LLC.

31. Defendant Christopher Rouen has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

32. Defendant Christopher Rouen has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

33. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Christopher Rouen is an employer.

34. Defendant Christopher Rouen supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

35. Defendant Christopher Rouen instructed Plaintiff to wear business attire when in office and a uniform when in the field.

36. Defendant Christopher Rouen determined the rate and method of Plaintiff's payment of wages.

37. Defendant Christopher Rouen approved payroll.

38. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Christopher Rouen is subject to individual and personal liability under the FLSA.

39. Defendant Elise Rouen is an Arizona resident.

40. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Elise Rouen and Defendant Christopher Rouen were legally married.

41. Defendant Elise Rouen and Defendant Christopher Rouen have caused events to take place giving rise to this action as to which their marital community is fully liable.

42. Under the principle of marital community property, all actions by one individual are imputed on the marital community property

43. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

44. Defendants, and each of them, are sued in both their individual and corporate capacities.

45. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

46. Plaintiff has a good faith reasonable belief that in his work for Global Resourcing, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2017.

47. Plaintiff has a good faith reasonable belief that in his work for Element Power

Group, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2017.

48. Plaintiff has a good faith reasonable belief that in his work for Global Resourcing, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

49. Plaintiff has a good faith reasonable belief that in his work for Element Power Group, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

50. Plaintiff has a good faith reasonable belief that in his work for Global Resourcing, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

51. Plaintiff has a good faith reasonable belief that in his work for Element Power Group, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

52. Plaintiff has a good faith reasonable belief that in his work for Global Resourcing, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

53. Plaintiff has a good faith reasonable belief that in his work for Element Power Group, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

54. Plaintiff has a good faith reasonable belief that in his work for Global Resourcing, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

55. Plaintiff has a good faith reasonable belief that in his work for Element Power Group, LLC, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

56. Plaintiff has a good faith reasonable belief that in his work for Global Resourcing, LLC, he was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2022.

57. Plaintiff has a good faith reasonable belief that in his work for Element Power Group, LLC, he was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2022.

58. Plaintiff has a good faith reasonable belief that in his work for Element Power Group, LLC and Global Resourcing, LLC, both companies had combined annual gross sales of at least $500,000 per calendar between 2017 through 2022.

59. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

60. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

61. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

62. Plaintiff would regularly use the telephone to communicate with Defendants.

63. Under the FLSA, Plaintiff is a covered employee under individual coverage.

64. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

65. The Entity Defendants are solar companies.

66. On or around March 17, 2017, Plaintiff Juan Martinez commenced employment with Defendants as a salesman.

67. Plaintiff's primary job duties included door to door sales and taking workers to and from the field.

68. Plaintiff was a non-exempt employee.

69. From his hire until in or around April 2018, Plaintiff was paid $50 per line.

70. From in or around April 2018 until his resignation, Plaintiff was paid $60 per line.

71. Plaintiff did not receive an hourly rate for hours worked.

72. Plaintiff did not receive overtime for hours worked.

73. Plaintiff was not provided full payment for the work he performed.

74. Plaintiff did not receive his last paychecks.

75. Plaintiff estimates that he is owed around $8,114 in wages for his last paycheck and was only paid an advancement of $500.

76. Therefore, because he received less than minimum wage for his last paycheck for hours worked, an FLSA, AMWS, and AWS violation has occurred.

77. Plaintiff was misclassified as an independent contractor.

78. Plaintiff did not have an opportunity for profit or loss based on his work for Defendants.

79. Plaintiff did not invest in equipment or materials in his work for Defendants.

80. Plaintiff did not employ any helpers in his work for Defendants.

81. Plaintiff's work for Defendants did not require a special skill.

82. Plaintiff worked for Defendants for over five years.

83. Defendants failed to properly compensate Plaintiff for all his overtime and regular hours.

84. Plaintiff worked in excess of 40 hours per week.

85. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

86. For example, during the work week of February 21, 2022, Plaintiff estimates he worked approximately 55 hours and was not provided any overtime pay.

87. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

88. Defendants required him to work overtime as a condition of his employment.

89. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

90. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

91. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

92. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

93. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

94. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

95. Defendants have intentionally failed and/or refused to pay Plaintiff minimum

wage according to the provisions of the FLSA.

96. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

97. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

98. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

99. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

100. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

101. Defendants have not made a good faith effort to comply with the FLSA.

102. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

103. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

104. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

105. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

106. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

107. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

108. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

109. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

110. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

111. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

112. Defendants have not made a good faith effort to comply with the FLSA.

113. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT III**
**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

114. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

115. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

116. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

117. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is

entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

118. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
### (AGAINST ENTITY DEFENDANTS ONLY)

119. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

120. At all relevant times, Plaintiff was employed by entity Defendants within the meaning of the Arizona Wage Statute.

121. Entity Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

122. Entity Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

123. Entity Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

124. Entity Defendants have willfully failed and refused to timely pay wages due to Plaintiff.

125. As a result of entity Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant

to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 6, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**<u>VERIFICATION</u>**

Plaintiff Juan Martinez declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Juan Martinez